IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DON MICHAEL SKELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-195-WKW |
| ) | [WO] |
| ) | |
| BILLY WAYNE FULMER, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Don Michael Skelton ["Skelton"], a state inmate, complains that the defendants violated his constitutional rights during his confinement in the Chilton County Jail. Skelton seeks only declaratory and injunctive relief. The documents filed in this case demonstrate that Skelton is no longer incarcerated in the Chilton County Jail.[1]

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

---

[1] 1. The plaintiff is presently incarcerated in the Kilby Correctional Facility.

[2] 2. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

Skelton complains that while incarcerated in the Chilton County Jail the defendants denied him placement in favorable programs, did not allow him adequate exercise time, failed to provide him free postage, refused to properly clean his utensils, placed him in lock-up on various occasions and denied him access to a law library. He requests that the court "get me out of this jail and prevent these people from doing these terrible wrongs to any other human beings." *Plaintiff's Complaint* at 5.

Skelton is no longer incarcerated in the Chilton County Jail. Consequently, the claims for relief arising from actions taken against Skelton are moot and due to be summarily dismissed. *See County of Los Angeles v. Davis*, 440 U.S. 625 (1979); *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985). Additionally, to the extent Skelton attempts to present claims relative to the violation of the constitutional rights of other inmates who remain confined in the Chilton County Jail, Skelton lacks standing to proceed on these claims. *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984).

A plaintiff must assert legally cognizable injury in fact, whether real or threatened, before federal courts have jurisdiction. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-19 (1974). Standing involves two aspects. The first is the minimum "case or controversy" requirement of Article III. This requirement mandates that the plaintiff himself suffer actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action. *Warth v. Seldin*, 422 U.S. 490, 499

(1975). In addition, the Supreme Court has established several requirements based on prudential considerations. *See Saladin*, *supra*. The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of other persons. *Allen v. Wright*, 468 U.S. 737, 751 (1984). With respect to claims attacking the alleged violations of other inmates' constitutional rights, Skelton is not "asserting his . . . own legal rights and interests [but] rather . . . the legal rights and interests of [a] third part[y]." *Saladin*, 812 F.2d at 690. These claims allege "infringement of a legal interest which clearly does not exist[,]" *Neitzke v. Williams*, 490 U.S. 319, 324 (1989),[3] and are therefore subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims presented by Skelton with respect to actions taken against him during his confinement in the Chilton County Jail be dismissed as moot.

2. The claims presented on behalf of other inmates confined in the Chilton County Jail be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff lacks standing to assert these claims.

3. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

---

[3]2. Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

It is further

ORDERED that on or before April 5, 2006 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of March, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE