**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHER DIVISION**

| | | |
|---|---|---|
| **DON MICHAEL SKELTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 2:06cv195-WKW** |
| | ) | |
| **SHERIFF BILLY WAYNE FULMER,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>DEFENDANTS' MOTION TO DISMISS</u>**

COME NOW the Defendants, and move this Honorable Court to dismiss the Plaintiff's Complaint and Amendment on the following grounds:

1.　　The Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act.

2.　　The Plaintiff's Complaint and Amendment is frivolous and "lacks an arguable basis either in law or in fact." The Plaintiff's Complaint is based on a meritless legal theory and alleges a violation of a legal interest which clearly does not exist. The Plaintiff has failed to present sufficient facts to state a claim. *Neitzke v. Williams*, 490 U.S. 319 (1989).

3.　　The Complaint and Amendment fail to state a cause of action against these Defendants upon which relief may be granted to the Plaintiff.

4.　　These Defendants plead immunity under both the Federal and State Constitutions as well as Statutory and Common Law immunity.

5.　　The Defendants are entitled to absolute immunity pursuant to the 11th Amendment to the United States Constitution and the Constitution of the State of Alabama.

6.      These Defendants are entitled to discretionary function and good faith immunity.

7.      The Defendants aver that the Plaintiff has failed to state a claim for relief on the basis that there is no showing of physical injury by the Plaintiff pursuant to 42 U.S.C. § 1997e, et seq.

8.      The Defendants aver that the Plaintiff's action herein is frivolous and malicious and fails to state a claim upon which relief can be granted and/or seeks monetary relief from the Defendants who are immune from such relief.

9.      These Defendants are entitled to qualified immunity.

10.      These Defendants are entitled to sovereign immunity.

11.      The Defendants plead substantive immunity.

12.      These Defendants plead State-Agent immunity.

13.      These Defendants are immune from punitive damages in this action.

14.      The Defendants assert that Plaintiff's claims are barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

15.      The Defendants assert absolute immunity pursuant to Article I, § 14 of the Alabama Constitution.

16.      The Defendants are entitled to absolute immunity pursuant to § 6-5-338 of the Code of Alabama, (1975 as amended).

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorney for the Defendants


OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:      (334) 387-3222

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Don Michael Skelton
#194433    7B-28T
Ventress Corr. Facility
PO Box 767
Clayton, AL 36016

/s/ C. Winston Sheehan, Jr.
OF COUNSEL