IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHER DIVISION

| | |
|---|---|
| DON MICHAEL SKELTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 2:06cv195-WKW |
| ) | |
| SHERIFF BILLY WAYNE FULMER, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

ANSWER TO COMPLAINT

COME NOW the Defendants, Billy Wayne Fulmer, Shane Lockhart, and Derrick Bone and in answer to the Plaintiff's Complaint and Amendment thereto and say as follows:

1. In response to Ground One the Defendants admit that the Plaintiff was a state inmate confined in the Chilton County Jail from August 12, 2004 to March 3, 2006 when he was transferred to the State Department of Corrections. The Defendants deny the remaining allegations of Ground One.

2. The Defendants admit that the inmate capacity at the Chilton County Jail is 174. There have been times when the jail has been in excess of its capacity and mats, sheets and blankets were provided to inmates for them to sleep on the floor. The remaining allegations of Ground Two are denied.

3. The allegations of Ground Three are denied.

4. The allegations of Ground Four are denied.

5. The allegations of Ground Five are denied.

6. The Defendants admit that there is no law library at the Chilton County Jail, and deny the remaining allegations of Ground Six.

7. The Defendants admit that no AA, N/A nor educational classes are provided at the Chilton County Jail. At One time classes were available, but were not attended by the inmates. The remaining allegations of Ground Seven are denied.

8. Due to the plaintiff's theft of hygiene kits from the jail laundry room the plaintiff was denied Trustee status, the remaining allegations of Ground Eight are denied.

9. The Defendants admit that for security reasons the plaintiff was only allowed to shave once a week, and deny the remaining allegations of Ground Nine.

10. The Defendants admit that they do not have a "free letter" night. Prestamped envelopes are provided to the inmates at a cost of $.50 which was raised to $.52 with the increase in the costs of stamps to $.39. The Defendants deny the remaining allegations of Ground Ten.

11. The allegations of Ground Eleven are denied.

The Defendants deny the allegations of the Complaint and Amendment thereto not specifically admitted above, and demand strict proof thereof. The Defendants deny that the Plaintiff is entitled to the relief requested by the Plaintiff. Further, Defendants deny that the Plaintiff has asserted any allegations or alleged acts of wrongdoing which would give rise to any equitable relief, punitive damages, or compensatory damages.

## FIRST DEFENSE

The Complaint and Amendment thereto fail to state a cause of action against These Defendantss upon which relief may be granted to the Plaintiff.

## SECOND DEFENSE

These Defendants deny the material allegations of the Complaint and Amendment thereto not specifically admitted herein and demand strict proof thereof.

### THIRD DEFENSE

These Defendants plead the general issue.

### FOURTH DEFENSE

These Defendants plead not guilty.

### FIFTH DEFENSE

These Defendants plead immunity under both the Federal and State Constitutions as well as Statutory and Common Law immunity.

### SIXTH DEFENSE

These Defendants are entitled to discretionary function immunity.

### SEVENTH DEFENSE

These Defendants are entitled to sovereign immunity.

### EIGHTH DEFENSE

These Defendants are entitled to qualified immunity.

### NINTH DEFENSE

These Defendants aver that they are not guilty of any violation of the Plaintiff's constitutional rights.

### TENTH DEFENSE

The Defendant plead substantive immunity.

### ELEVENTH DEFENSE

These Defendants plead State-Agent and discretionary function immunity.

## TWELFTH DEFENSE

These Defendants are immune from punitive damages in this action.

## THIRTEENTH DEFENSE

The Plaintiff is not entitled to punitive damages in this action and any order of punitive damages against these Defendants would amount to a violation of these Defendants' Constitutional rights.

## FOURTEENTH DEFENSE

The Plaintiff has failed to exhaust his administrative remedies.

## FIFTEENTH DEFENSE

These Defendants are entitled to absolute immunity pursuant to the Eleventh Amendment of the United States Constitution and the Constitution of the State of Alabama.

## SIXTEENTH DEFENSE

Section 6-11-26 of the Code of Alabama, (1975 as amended) bars punitive damages against these Defendants.

## SEVENTEENTH DEFENSE

The Defendant plead contributory negligence, assumption of risk, waiver, res judicata, and estoppel.

## EIGHTEENTH DEFENSE

The Plaintiff's alleged injuries resulted from his own neglect, wrongful or criminal conduct, and he contributed to any of the alleged damages or injuries received. He should be estopped from any cause of action in this matter.

### NINETEENTH DEFENSE

These Defendants are entitled to absolute immunity pursuant to § 6-5-338 of the <u>Code of Alabama</u>, (1975 as amended).

### TWENTIETH DEFENSE

These Defendants are immune from punitive damages in this action.

### TWENTY-FIRST DEFENSE

The Defendants assert absolute immunity pursuant to Article I, § 14 of the Alabama Constitution.

### TWENTY-SECOND DEFENSE

The Plaintiff has failed to mitigate his damages.

### TWENTY-THIRD DEFENSE

The Defendants assert that Plaintiff's claims are barred pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

### TWENTY-FOURTH DEFENSE

These Defendants plead the statute of limitations as a bar to recovery.

### TWENTY-FIFTH DEFENSE

These Defendants deny that they were deliberately indifferent to the Plaintiff's constitutional rights or legal rights. There is no showing of injury by the Plaintiff pursuant to 42 U.S.C.(a) § 1997(e), et. seq.

### TWENTY-SIXTH DEFENSE

1. Defendants aver that the Complaint and Amendment thereto fails to state a claim upon which punitive damages may be awarded to plaintiff.

2. Defendants aver that any award of punitive damages to the plaintiff in this case will be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

3. Defendants aver that any award of punitive damages to the plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

4. Defendants aver that any award of punitive damages to the plaintiff in this case will be violative of the constitutional safeguards provided to the defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5. Defendants aver that any award of punitive damages to the plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6. Defendants aver that any award of punitive damages to the plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

7. It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against These Defendants punitive damages, which are penal in nature, yet compel defendants to disclose documents and evidence.

8.      It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against These Defendants punitive damages, which are penal in nature, yet compel defendants to disclose documents and evidence.

9.      Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following Grounds:

a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which hereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e)   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f)   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10. Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following Grounds:

    a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against These Defendants;

    c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

    e) The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

    f) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against These Defendants.

11. Plaintiff's attempt to impose punitive or extracontractual damages on These Defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

12. The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

13. The award of punitive damages against These Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14. The Complaint and Amendment thereto fails to state a claim for punitive damages under Alabama Code §§ 6-11-20 to 6-11-30 (1975) and is barred.

TWENTY-SEVENTH DEFENSE

These Defendants aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at ALA.CODE §6-11-21 (Repl. Vol. 1993).

TWENTY-EIGHTH DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

TWENTY-NINTH DEFENSE

Under the constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See: Honda Motor Company, Ltd. v. Oberg, 114 S.Ct. 2331, 129 L.Ed. 2d 336 (1996).

THIRTIEH DEFENSE

With respect to the plaintiff's demands herein for punitive damages, the defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in BMW of North America v. Gore, 517 U.S. 59, 116 S.Ct. 932, 134 L.Ed.2d 809 (1996).

THIRTY-FIRST DEFENSE

To the extent jury awards future damages, the award must conform with Ala. Code § 6-11-3. In Vaughn v. Oliver, 2001 WL 1143713 (Ala.), the Alabama Supreme Court recently instructed a trial court to amend a judgment to conform with Ala. Code § 6-5-543(b), which is

substantially similar to § 6-11-3. Because the Alabama Supreme Court has enforced § 6-5-543(b), this Court should overrule Clark v. Container Corp. of America, Inc., 589 So. 2d 184 (Ala. 1991) and apply § 6-11-3.

### THIRTY-SECOND DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTY-THIRD DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against These Defendants, it is unconstitutionally

vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorney for the Defendants

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

CERTIFICATE OF SERVICE

     I hereby certify that on June 2, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Don Michael Skelton
#194433   7B-28T
Ventress Corr. Facility
PO Box 767
Clayton, AL 36016

/s/ C. Winston Sheehan, Jr.
OF COUNSEL