N266

**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

RECEIVED
2006 JUL -5 A 9:27
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION.

CASE NO. CV-06-195 WKW
2:06-CV-195 WKW

DON MICHAEL SKELTON,
PLAINTIFF.
VS.
SHERIFF BILLY WAYNE FULMER, et al.,
DEFENDANTS.

### ANSWER TO DEFENSES OF DEFENDANTS.

COMES NOW THE PLAINTIFF, DON MICHAEL SKELTON, AND HEREBY SUBMITS HIS REDRESS OF THE DEFENSES PLED BY THE DEFENDANTS IN THE ABOVE-STYLE CAUSE.

### RESPONSE TO DEFENSE ONE.

PLAINTIFF SHOWS THAT UNDER THIS DEFENSE PLED, THE DEFENDANTS ALLEDGE THAT PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. PLAINTIFF SHOWS RELIEF SUCH AS SOUGHT BY HIM CAN BE GRANTED UNDER 42 U.S.C. SECTION 1983 IN A COURSE OF ACTION SUCH AS THE PLAINTIFFS. THEREFORE, THIS DEFENSE IS WITHOUT MERIT. PUGH V. LOCKE, 406 F.SUPP. 318 (1975) NEWMAN V. ALABAMA, 559 F.2d 283 (1977)

**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

### RESPONSE TO DEFENSE TWO.

Plaintiff shows this defense is a mere denial of the allegations against them and "strict proof thereof" is meritoriously argued within the body of his complaint.

### RESPONSE TO DEFENSE THREE.

Plaintiff shows defense three is only a statement of defendants pleading to the court the issues at hand within the body of the complaint.

### RESPONSE TO DEFENSE FOUR

Plaintiff shows defense four is nothing more than a plea of not guilty to the allegations against them in the complaint.

### RESPONSE TO DEFENSE FIVE

Plaintiff shows that in this defense, the defendants plead that they are immune from suit pursuant to the federal and state constitutions as well as statutory and common law immunity.

Plaintiff shows a sheriff nor his jailers are blanketed by the immunities stated by the defendants because (1) Plaintiff shows his complaint was filed to compel the defendants to perform their duties, filed to compel the defendants to perform ministerial acts, filed to enjoin the defendants from enforcing unconstitutional laws, filed because the defendants acted in bad faith as to his constitutional and humane living conditions.

Parker v. Amerson 519 So.2d. 442 (Ala. 1987)

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

### Response to Sixth Defense.

Plaintiff shows in this defense the defendants claim they are entitled to discretionary function immunity.

Plaintiff shows that the defendants have no immunity, [discretionary] or otherwise, to not perform their duties as to the mental, physical, and emotional status of prisoners in their custody and have a duty to ensure neither deteriorates. <u>Newman v. Alabama</u>, 559 F.2d.283 (1977).

### Response to Defense Seven.

Plaintiff shows in this defense the defendants claim they are entitled to sovereign immunity.

This defense is meritless. Defendants claim that they can not be sued in a court other than their own is frivolous and without authority in support. Further, the defendants cite no authority to support this entitlement.

### Response to Defense Eight.

Plaintiff shows the defendants claim qualified immunity in this defense.

Plaintiff shows in defense his arguement in response to defense six (6) of defendants.

**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

RESPONSE TO DEFENSE NINE.

PLAINTIFF SHOWS THAT THE DEFENDANTS PLEAD THAT THEY ARE NOT GUILTY OF ANY VIOLATION OF THE PLAINTIFFS CONSTITUTIONAL RIGHTS.

PLAINTIFF SHOWS EXTREME OVERCROWDING, ADMITTED BY THE DEFENDANTS, IN THAT THEY HOUSE INMATES ON THE FLOOR ALONE IS VIOLATIVE OF THE PLAINTIFFS EIGTH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION. IN NEWMAN V. ALABAMA, 503 F.2d. 1320 (1974), IT IS STATED; IF THE DEPRIVIATION OF BASIC ELEMENTS OF HYGIENE HAS CONSISTENTLY BEEN HELD [VIOLATIVE] OF CONSTITUTIONAL GUARANTEES..., THEN CERTAINLY PRACTICES WHICH RESULT IN THE DEPRIVIATION OF BASIC ELEMENTS OF ADEQUATE HOUSING AND SANITARY LIVING CONDITIONS MUST ALSO VIOLATE CONSTITUTIONAL GUARANTEES".

THE CHILTON COUNTY JAIL FACILITY CLEARLY VIOLATED THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFF.

RESPONSE TO DEFENSE TEN.

PLAINTIFF IN RESPONSE TO DEFENSE TEN ARGUES SAME REBUTTAL AS DEFENSE TO DEFENDANTS CLAIM OF DEFENSE SIX (6).

RESPONSE TO DEFENSE ELEVEN.

PLAINTIFF SHOWS THAT HE ONCE AGAIN PLEADS ARGUEMENT IN DEFENSE FOUND IN DEFENDANTS DEFENSE SIX (6).

**STATE OF ALABAMA**
Department of Corrections
Inmate Stationery

RESPONSE TO DEFENSE TWELVE.

PLAINTIFF SHOWS THAT THIS DEFENSE IS DUE TO FAIL. PLAINTIFF IS CERTAINLY ENTITLED FOR HIS MENTAL ANGUISH AND BEING SUBJECTED TO INHUMANE CONDITIONS OF CONFINEMENT, PUNITIVE DAMAGES.
PUGH V. LOCKE 406 F.SUPP. 318 (1976).

RESPONSE TO DEFENSE THIRTEEN.

PLAINTIFF SHOWS IT WAS NOT THE CONSTITUTIONAL RIGHTS OF THE DEFENDANTS THAT WERE VIOLATED. PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES AND NOT TO AWARD SUCH IN THIS CASE VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH (14th) AMENDMENT TO THE U.S. CONSTITUTION, U.S.C.A. 14 PUGH V. LOCKE 406 F.SUPP. 318 (1976)

RESPONSE TO DEFENSE FOURTEEN

PLAINTIFF SHOWS THIS DEFENSE IS DUE TO FAIL. DEFENDANTS ADMIT PLAINTIFF UTILIZED ADMINISTRATIVE RESOLVEMENT OF THIS MATTERS.

RESPONSE TO DEFENSE FIFTEEN.

PLAINTIFF SHOWS ADDRESS TO THIS DEFENSE WAS ARGUED IN THE PLAINTIFF'S ADDRESS OF DEFENSE SIX (6).
PROCUNIER V. MARTINEZ
416 U.S. 396 94 S.Ct. 1800 40 L.Ed 2d 224 (1977)

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

<u>RESPONSE TO DEFENSES SIXTEEN THRU THIRTY-THREE.</u>

PLAINTIFF SHOWS THAT THE REMAINING DEFENSES ARGUED BY THE DEFENDANTS ARE "DETAILED" ALTER-EGO ARGUEMENTS DEALING WITH THE ALABAMA LEGISLATURE'S APPROVAL OF CERTAIN JURY AWARDS IN CERTAIN TORT ACTIONS.

PLAINTIFF SHOWS HE HAS NO AUTHORITY TO CHANGE THE CONSTITUTION JUST AS THIS HONORABLE COURT HAS NO AUTHORITY TO ADHERE TO ITS MANDATES.

PLAINTIFF SHOWS THAT THIS SAME DISTRICT COURT RULED UPON THE CLAIMS OF JERRY LEE PUGH, WHO FILED UPON THESE SAME INHUMANE UNSAFE AND UNSANITARY CONDITIONS OF HIS CONFINEMENT. THIS RULING WAS MONUMENTAL AND SERVED TO IMPROVE CONDITION MANDATES OF CONFINEMENT FOR A LONG PERIOD OF TIME. HOWEVER, THERE IS ALWAYS THOSE STATE AND COUNTY PRISON AND JAIL FACILITIES SUCH AS THE CHILTON COUNTY, JAIL WHO TAKE THERE POSITION AS ONE "ABOVE-THE LAW" AND HIDE BEHIND THE CLOAK OF STATE AGENCY PROTECTIONS. HOWEVER, NO GARMET IS MORE IMPORTANT TO THE RIGHTS OF A HUMANE BEING    THAN THE SUIT OF ARMOR GUARANTEED TO EVERY CITIZEN OF THIS STATE AND THIS COUNTRY BY ITS STATE AND FEDERAL CONSTITUTIONS.    Pugh V Locke 406 F Supp. 318 (1975)
PRISONERS ARE ENTITLED TO BE FREE OF CONDITIONS WHICH CONSTITUTE CRUEL AND UNUSAL PUNISHMENT IN VIOLATION OF THE EIGTH AND FOURTEENTH AMENDMENTS. THE CONTENT OF THE EIGTH AMENDMENT IS NOT STATIC BUT "MUST DRAW ITS MEANING FROM THE EVOLVING STANDARDS OF DECENCY THAT MARK THE PROGRESS OF A MATURING SOCIETY. TROP V DULLES, 356 U.S. 86, 101, 78 S. Ct. 590, 598, 2 L.Ed.2d. [406 F Supp. 329 630] (1958).

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF MOVES THIS HONORABLE TO GRANT HIM ALL RELIEF SOUGHT IN THIS MATTER, OR IN THE ALTERNATIVE, TO SET THIS MATTER FOR TRIAL BY JURY.

RESPECTFULLY SUBMITTED,

*Don Michael Skelton*
DON MICHAEL SKELTON
PLAINTIFF.

ON THIS THE 30th DAY OF JUNE, 2006

### CERTIFICATE OF SERVICE.

I HEREBY DECLARE THAT I HAVE ON THIS DATE CAUSE A COPY OF THE FOREGOING DOCUMENT TO BE SERVED UPON ALL PARTIES TO THIS ACTION BY PLACING COPIES OF THE SAME TO EACH IN THE U.S. MAIL POSTAGE PREPAID BY ME.

CLERK OF COURT
P.O. BOX 711
MIDDLE DISTRICT OF ALABAMA
15 LEE STREET
MONTGOMERY, ALABAMA 36101-0711

*Don Michael Skelton*
DON MICHAEL SKELTON
P.O. BOX 767
CLAYTON, ALABAMA
36016.

OF COUNSEL
HON. WINSTON SHEEHAN JR.,
BALL, BALL, MATTHEWS & NOVAK, P.A.
ATTORNEY AT LAW
POST OFFICE BOX 2148
MONTGOMERY, ALABAMA
36102-2148