IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DON MICHAEL SKELTON, #194433, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-195-WKW |
| | ) [WO] |
| | ) |
| BILLY WAYNE FULMER, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Don Michael Skelton ["Skelton"], a former inmate, challenges the conditions of confinement to which he was subjected during his incarceration at the Chilton County Jail. Skelton names Billy Wayne Fulmer, the sheriff of Chilton County, Alabama, Shane Lockhart, warden of the Chilton County Jail, and Sgt. Bone, an officer employed at the jail, as defendants in this cause of action. Skelton seeks declaratory, injunctive and monetary relief for the alleged violations of his constitutional rights.

The defendants filed a special report, supplemental special report and supporting evidentiary materials addressing Skelton's claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat these reports as a motion for summary judgment. *Order of May 8, 2006 - Court Doc. No. 22*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the

evidentiary materials filed in support thereof and the plaintiff's responses in opposition to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is

---

[1] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same.

no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to the plaintiff's failure to exhaust administrative remedies. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the defendants' properly supported motion for summary judgment, Skelton is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there

must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine

issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, ---, 126 S.Ct. 2572, 2576, 165 L.Ed.2d 697 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Skelton fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II.  DISCUSSION

Skelton challenges the conditions of confinement present during his incarceration at the Chilton County Jail. In response to the complaint, the defendants argue this case should be dismissed because Skelton failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's

exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382.

The record before the court establishes that during Skelton's confinement in the Chilton County Jail the jail provided a grievance procedure for inmate complaints. The inmate grievance procedure allows inmates the opportunity to submit grievances regarding jail conditions or adverse actions to the jail staff in writing on an inmate request form. *Defendants' Exhibit A to the June 2, 2008 Response - Court Doc. No. 49-2* at 98, 141. This form contains a block where the inmate may specifically identify the document as a grievance. The designated jail official reviews the grievance and issues a written response to the inmate regarding his grievance. If an inmate is not satisfied with this response, he may "appeal to the Warden, and if not satisfied by the Warden, the Plaintiff could appeal any unresolved grievance to the Sheriff...." *Supplemental Affidavit of Shane Lockhart - Court Doc. No. 38-2* at 2. The defendants argue Skelton failed to properly exhaust available administrative remedies because he did not submit any identified grievance to jail officials regarding the claims presented in the instant complaint nor did he ever appeal any response to his request forms. *Defendants' Supplemental Special Report - Court Doc. No. 38* at 1-2; *Supplemental Affidavit of Shane Lockhart - Court Doc. No. 38-2* at 2.

The evidentiary materials submitted by the parties demonstrate that Skelton failed

to file any grievance with respect to the conditions about which he complains in the instant cause of action. Although Skelton submitted inmate request forms regarding notarization of documents, a pending fugitive warrant and transport to the law library, none of these documents is identified by Skelton as a grievance and only the request form seeking transport to the law library references an issue pending before this court. Skelton contends "the fact [he] filed" inmate requests "would seem to satisfy the grievance process in that any grievance at all was a plea for medical attention and a plea for the unsanitary conditions ... to be dealt with." *Plaintiff's May 3, 2007 Response - Court Doc. No. 39* at 2. However, under the law established by *Ngo*, it is clear that the inmate request forms addressing issues totally unrelated to the claims raised in the instant complaint do not operate as proper exhaustion of administrative remedies relevant to the pending claims. Moreover, with respect to the request form which references the law library, a review of this form demonstrates the form is merely a request for jail personnel to transport Skelton to the law library and does not constitute a grievance regarding the failure to provide such transportation. *Court Doc. No. 28-8* at 3.[2]

      The record is devoid of evidence, sufficiently probative or otherwise, that Skelton filed the requisite grievances and/or appeals with respect to each of the claims set forth in the present complaint as is necessary to properly exhaust administrative remedies. The court therefore concludes that the claims before this court are subject to dismissal as

---

      Skelton did not designate this request as a grievance.

Skelton did not properly exhaust administrative remedies previously available to him which is a precondition to proceeding in this court on his claims. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388 (fact that administrative remedy is no longer available to inmate does not constitute proper exhaustion, a precondition to filing a federal civil action, and, therefore, precludes review by a federal court).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be granted to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust available administrative remedies.

2. This case be dismissed in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust administrative remedies available to him during his confinement in the Chilton County Jail.

It is further

ORDERED that on or before June 16, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of June, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE